**LAW OFCS. OF VINCENT B. MANCINI & ASSOC.**

    By:    Paul J. Toner, Esquire (Atty. I.D. # 94185)

           Brian C. LeGrow, Esquire (Atty. I.D. # 93977)

414 E. Baltimore Pike

Media, PA 19063

T. (610) 566-8064

F. (610) 566-8265

E. paul.j.toner@verizon.net                Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARY ANN CIARLONE** | : | |
| **IRENE LORA** | : | No. 09-CV-00310 |
| **ORAZIO GERBINO** | : | |
| **ANNE BAEZ** | : | |
|         Plaintiffs, | : | |
| v. | : | |
| | : | |
| **CITY OF READING** | : | |
| **THOMAS MCMAHON** | : | |
| **RYAN HOTTENSTINE**, | : | |
| **BRAD REINHART**, | : | |
| **JATINDER SINGH KHOKHAR**, | : | |
| **JAMES ORRS**, | : | |
|         Defendants | : | |

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

**INTRODUCTION:**

    The undisputed facts in this case substantiate that the City of Reading Codes Administrator and a Code Enforcement Officer employed the use of a sledge hammer —without notice to any of the tenants and without resort to any of the readily available non-destructive or less destructive means—to gain access to the tenants' rental home in order to conduct a *planned routine inspection*.

**FACTS:**

1.      Plaintiff, Mary Ann Ciarlone ("Plaintiff Ciarlone"), is the owner and landlord of the property at issue in this case--511 Oley Street, City of Reading, Berks County, Pennsylvania 19601 (hereinafter the "Subject Property").

2.      Plaintiffs Irene Lora, Orazio Gerbino and Anne Baez (the "Tenant Plaintiffs") each rent an apartment rental unit at the Subject Property from Plaintiff Ciarlone.

3.      The undisputed facts of this case are set forth in "Plaintiffs' Statement of Undisputed Facts," which is attached hereto and incorporated herein as **Exhibit "A."**

**ISSUES PRESENTED:**

   **I.**   **WHETHER PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ON COUNT I OF THEIR FIRST AMENDED COMPLAINT WHEN, AS A MATTER OF LAW, THE USE OF A SLEDGE HAMMER TO PERFORM A PROPERTY MAINTENANCE INSPECTION IS AN UNREASONABLE SEARCH AND VIOLATION OF PLAINTIFFS' FOURTH AMENDMENT RIGHTS TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE?**

  **II.**  **WHETHER THE TENANT PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ON COUNT III OF THEIR AMENDED COMPLAINT FOR VIOLATION OF THE CONSTITUTIONAL RIGHT TO PRIVACY WHEN THE RECORD ESTABLISHES THAT DEFENDANTS FORCIBLY ENTERED THE RENTAL HOME OF EACH TENANT PLAINTIFF AND OBSERVED THE CONTENT OF THEIR HOME WITHOUT PRIOR NOTICE?**

 **III.**  **WHETHER ALL PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ON COUNT IV OF THEIR AMENDED COMPLAINT FOR VIOLATION OF THEIR DUE PROCESS RIGHTS WHEN THE RECORD ESTABLISHES THAT THE USE OF A SLEDGE HAMMER TO GAIN ENTRY TO THE SUBJECT PROPERTY IS WITHOUT PRECEDANT, WAS MADE IN DISREGARD OF THE APPLICABLE NOTICE PROVISION AND GENERALLY "SHOCKS THE CONSCIENCE"?**

 **IV.**  **WETHER ALL PLAINTIFFS ARE ENTITLED TO OF SUMMARY JUDGMENT IN THEIR FAVOR WHEN THE FACTS REVEALED THROUGH DISCOVERY SUBSTANTIATE THAT THE CITY OF READING FAILED TO ADEQUATELY TRAIN ITS CODES ADMINISTRATOR AND CODE ENFORCEMENT OFFFICERS IN THE USE OF DESTRUCTIVE FORCE TO GAIN ENTRY INTO A RENTAL HOME?**

**STANDARD OF REVIEW**

4.     Rule 56(c) of the Federal Rules of Civil Procedure provides that "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law," then a motion for summary judgment must be granted.

Fed.R.Civ.P. No. 56

**I.     PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ON COUNT I OF THEIR AMENDED COMPLAINT WHEN, AS A MATTER OF LAW, THE USE OF A SLEDGE HAMMER TO PERFORM A PROPERTY MAINTENANCE INSPECTION IS AN UNREASONABLE SEARCH AND VIOLATION OF PLAINTIFFS' FOURTH AMENDMENT RIGHTS TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE**

5.     Paragraphs one (1) through four (4) are incorporated herein as though fully set forth at length.

6.     The Fourth Amendment to the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall Issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. Amend. IV.

7.     The Court in this case has already ruled that the City Defendants lacked a valid search warrant when their affidavit of probable cause failed to inform the Magisterial District Judge Xavios that the Tenant Plaintiffs had not been provide with notice of the planned routine inspection.  The Court's November 18, 2009 Order (Doc # 48) and Memorandum Opinion (Doc # 47) to Deny Defendants Motion to Dismiss is incorporated herein by reference.

8.     At the conclusion of discovery, there is no dispute over the facts referenced in the Court's November 18, 2009 Order and Opinion concerning the City Defendants failure to inform

the Magistrate District Judge that the Tenant Plaintiffs had not been provided notice of the planned routine inspection of their rental homes, thereby negating the finding of probable cause.

9.      The use of a sledge hammer to conduct a planned routine inspection is eminently unreasonable.

10.     The witness and documents exchanged during discovery confirm that the use of a sledge hammer to conduct a planned routine inspection is without precedent.

11.      The witness and documents exchanged during discovery substantiate that at the time of the October 10, 2008 inspection there was no immediate threat to the health, safety or welfare.

12.     The witness and documents exchanged during discovery substantiate that the City Defendants had non-destructive or less destructive means of entry available to gain access in order to perform a "planned routine inspection," including, but not limited to, imposing monetary penalties under Section 106 of the City of Reading Property Maintenance Code, placarding the building, requesting access from the Tenant Plaintiffs, or utilizing a lock smith.

13.     With the less destructive or non-destructive means to compel entry, including the availability of monetary penalties under the Property Maintenance Code, it was unreasonable and excessive for the Office of Code Services to use force to gain entry into the common areas and the interior of the rental units in the Subject Property.

14.     No reasonable person could construe the use of a sledge hammer to batter in a person's front door to conduct a "routine inspection" as being a reasonable exercise of governmental power.

15.     The use of a sledge hammer to conduct a planned routine inspection was unreasonable and violated the Fourth Amendment rights of all Plaintiffs.

WHEREFORE, Plaintiffs, Mary Ann Ciarlone, Irene Lora, Orazio Gerbino, and Anne Baez, request that judgment be entered in his or her favor and against the City of Reading, Thomas McMahon, Bradley Reinhart and James Orrs, jointly and severally, in an amount to be determined at trial by the evidence, including their attorney fees and reasonable costs of this lawsuit pursuant to 42 U.S.C. §§ 1983 and 1988.

II.  **THE TENANT PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ON COUNT III OF THEIR AMENDED COMPLAINT FOR VIOLATION OF THE CONSTITUTIONAL RIGHT TO PRIVACY WHEN THE RECORD ESTABLISHES THAT DEFENDANTS FORCIBLY ENTERED THE RENTAL HOME OF EACH TENANT/PLAINTIFF AND OBSERVED THE CONTENT OF THEIR HOME WITHOUT PRIOR NOTICE**

16.  Paragraphs one (1) through fifteen (15) are incorporated herein as though fully set forth at length.

17.  The Tenant Plaintiffs have a Constitutional right to privacy in their rental homes. See Chapman v. United States, 365 U.S. 610, 616-17 (1961); Mary D. Smith v. Borough of Glenolden, 1994 U.S. Dist. LEXIS 17043 (E.D.Pa. 1994).

18.  In general, a landlord may not consent to the search of a home or other rental unit leased to a tenant. See Chapman v. United States, 365 U.S. 610, 616-17 (1961).

19.  Plaintiff Ciarlone at no time consented to the search of the rental homes of the Tenant Plaintiffs.

20.  The lease agreement by and between Plaintiff Ciarlone and each of the Tenant Plaintiffs does not authorize Plaintiff Ciarlone or any other individual to waive the Plaitniff Tenants Fourth Amendment rights.

21.     When inspecting a multifamily rental building, a governmental official must have probable cause to search each apartment.  United States v. Perez, 484 F.3d 735, 741 (5th Cir. 2007).

22.     In Pennsylvania, the law is equally clear that a tenant has a right to quiet enjoyment of their rental property.  See Section 504-A of the Landlord Tenant Act of 1951, as amended, 68 P.S. § 250.504-A.[1]

23.     Under Pennsylvania Law, the landlord's retention of control over a property does not extend the portion of the premises in the sole and exclusive possession of the tenant.  See, e.g., Bleam v. Gateway Professional Center Associates, 431 Pa. Super. 145, 636 A.2d 172 (1994), app. den., 538 Pa. 639, 647 A.2d 895 (1994); Kobylinski v. Schmidt, 519 A.2d 488 (Pa. Super. 1986).

24.     The law is clear that the residential Lease Agreement is a transfer of a property right, and it is also well established in this Commonwealth that a leasehold interest in land gives a lessee a "property interest" in that demised premises. See, e.g., Graham Realty Co. v. Dept. of Transportation, 447 A.2d 342, 344 (Pa. Cmwlth. 1982).

25.     The undisputed facts of this case substantiate that Defendants Reinhart and Orrs knowingly used a sledgehammer to gain access to each of the Tenant Plaintiffs' renal homes without notice or their prior consent.

26.     Defendant Reinhart (the Codes Administrator for the City of Reading) and Defendant Orrs knew or should have known that the Constitutional right to privacy held by each tenant would be violated when they entered the Tenant Plaintiffs' homes by smashing in their front doors with the actual knowledge that the Tenant Plaintiffs had neither consented nor denied a request to entry those rental homes.

WHEREFORE, Plaintiffs Irene Lora, Orazio Gerbino, and Anne Baez, request that judgment be entered in his or her favor and against the City of Reading, Thomas McMahon, Bradley Reinhart and James Orrs, jointly and severally, in an amount to be determined at trial by the evidence, including their attorney fees and reasonable costs of this lawsuit pursuant to 42 U.S.C. §§ 1983 and 1988.

**III.    ALL PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ON COUNT IV OF THEIR AMENDED COMPLAINT FOR VIOLATION OF THEIR DUE PROCESS RIGHTS WHEN THE RECORD ESTABLISHES THAT THE USE OF A SLEDGE HAMMER TO GAIN ENTRY TO THE SUBJECT PROPERTY IS WITHOUT PRECEDENT, WAS MADE IN DISREGARD OF THE APPLICABLE NOTICE PROVISION AND GENERALLY "SHOCKS THE CONSCIENCE"**

27.    Paragraphs one (1) through twenty-six (26) are incorporated herein as though fully set forth at length.

28.    Generally, the Due Process Clauses of the United States entitles 'every individual to be free from arbitrary or oppressive government conduct." See Commonwealth v. Kratsas, 564 Pa. 36, 764 A.2d 20, 27 (2001).

29.     The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law."[1]  U.S. Const., Amend. XIV, § 1.

**A.    The Use of a Sledge Hammer In this Case Truly "Shocks the Conscience" and Violates the Tenants' Substantive Rights to Due Process of the Law**

30.    In order to establish a violation of a substantive due process, the Third Circuit Court of Appeals has adopted the "shocks the conscience" test.  United Artists Theatre Circuit,

---

[1] The Due Process clause secures the adequacy of state procedures, as well as substantive rights. See, e.g., Heneghan v. Northampton Community College, 2010 WL 2730638, 4 (E.D.Pa. 2010) (citing Planned Parenthood of S.E. Pa. v. Casey, 505 U.S. 833, 846-47, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992).

Inc . v. Twp. of Warrington, PA, 316 F.3d 392, 399 (3d. Cir. 2003) (citing County of Sacramento v. Lewis, 523 U.S. 833 (1998) (internal citations omitted)).

31.     The decision to utilize a sledgehammer was not a 'hyperpressurized situation' and Defendants Reinhart and Orrs had plenty of time to deliberate on the need and appropriateness in conducting their planned routine inspection via the force of a sledgehammer as no exigent circumstance existed.

32.     Without proof of any immediate threat and before trying any less or non-destructive means of entry, the use of sledgehammer to conduct a planned routine inspection is "unjustifiable by any government interest" and clear example of an arbitrary, unjustifiable, unnecessary and unreasonable governmental act—especially when exercised at the direction of the Codes Administrator of the City of Reading.

**B.   The City Defendants Violated Plaintiffs Procedural Due Process Rights When They Disregarded City Code Provisions Regarding the provision of Notice**

33.     Section 107 of the PMC requires that the City send notice of any alleged violation of the PMC to "the person responsible for the violation" by, *inter alia*: (i)hand delivery, (ii) mail, (iii) posting "in a conspicuous place on or about the structure affect."   (PMC § 171.1 (incorporating Sections 107.2 and 107.3 of the PMC).)

34.     Section 11-119 of the Housing Rental Ordinance establishes the type and manner of official notice, the Office of Code Services must provide to a tenant of "a dwelling or rooming unit" before a nonconsensual search may be conducted in a rental dwelling unit as well as for code enforcement and/or property maintenance actions.   Section 11-119 of the Housing Rental Ordinance provides:

> All official notices ***shall be*** by first class mail to address of record of the owner and local responsible agent and ***posting of*** the dwelling unit or rooming unit.

(emphasis added.)

35.　　Where, as here, the tenant's have not provided their consent and a warrant is required to search a rental unit, Section 11-119 ("Official Notices") requires the City to not only mail the notice of inspection (pursuant to a search warrant), but also post the property so that the tenant is ensured of being provided with the Official Notice and afforded an opportunity to protect his or her Constitutional and State law rights.

36.　　It was an explicit violation of the Housing Rental Ordinance not to post the Subject Property and/or the private homes with the Notice of Inspection, thereby denying the tenants their constitutional and statutory right to receive notice of an inspection.

37.　　It is undisputed that the City failed to post the Subject Property.

38.　　It is undisputed that the City failed, at any time, to ever provide any type of notice to the Tenant Plaintiffs of the "planned routine inspection" of their rental homes.

39.　　Any interpretation of the Housing Rental Ordinance (or the Property Maintenance Code) that would not require that a tenant receive prior notice of an inspection of his or her rental home would violate the Tenant Plaintiffs' Constitutional right to privacy as well has his or her Constitutional Right to Due Process.

40.　　A statue that, by its very terms, violates procedural due process rights must be invalidated and deemed void *ab initio*.  See, e.g., Commonwealth v. Fondoble, 57 Pa. D. & C.2d 452, 456 (reasoning that the provisions of Pennsylvania Vehicle Code did not comport with procedural due process requirement).

41.　　Any interpretation of the Rental Ordinance or Property Maintenance Code that does not require the Tenant Plaintiffs to receive notice of City's planned forcible entry into their home would render that Ordinance invalid and void *ab initio*.

WHEREFORE, Plaintiffs, Mary Ann Ciarlone, Irene Lora, Orazio Gerbino, and Anne Baez, request that judgment be entered in his or her favor and against the City of Reading, Thomas McMahon, Bradley Reinhart and James Orrs, jointly and severally, in an amount to be determined at trial by the evidence, including their attorney fees and reasonable costs of this lawsuit pursuant to 42 U.S.C. §§ 1983 and 1988.

## IV.   ALL PLAINTIFFS ARE ENTITLED TO OF SUMMARY JUDGMENT IN THEIR FAVOR WHEN THE FACTS REVEALED THROUGH DISCOVERY SUBSTANTIATE THAT THE CITY OF READING FAILED TO ADEQUATELY TRAIN ITS CODES ADMINISTRATOR AND CODE ENFORCEMENT OFFFICERS IN THE USE OF DESTRUCTIVE FORCE TO GAIN ENTRY INTO A RENTAL HOME

42.     Paragraphs one (1) through forty (41) are incorporated herein as though fully set forth at length.

43.     A municipality's failure to properly train its employees and officers can create an actionable violation of a party's constitutional rights under § 1983.   Reitz v. County of Bucks, 125 F.3d 139, 145 (3d Cir.1997) (citing City of Canton v. Harris, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). "Failure to train ... municipal employees can ordinarily be considered deliberate indifference only where the failure has caused a pattern of violations." See Berg v. County of Allegheny, 219 F.3d 261, 276 (3d Cir.2000) (per curiam) (citing Bd. of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 408-09, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997)). A failure to train may amount to deliberate indifference where "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights[.]" City of Canton, at 390.

44.     The City of Reading failed to provide adequate training concerning forced inspections of rental properties for planned routine inspections.

45.     It is clear that the City of Reading provided no training prior to October 10, 2008 concerning the appropriateness, legality, proper methods or procedures for a forced inspection of rental property.

46.     The need for training was apparent.  It is indisputable that previous claims of misconduct by the Office of Code Enforcement and its Code Enforcement Officers have resulted in separate legal action(s) claiming violations of the Constitutional rights of landlords and tenants within the City of Reading.

47.     The record is clear that the employees and administrators and managers of the City's code enforcement department have a well-document history of claims of official misconduct and abuse, yet none of the City Defendants acted to take appropriate measures to curtail such claims of abuse.

48.     The deliberate indifference of the City Defendants is most aptly seen and heard on the video of the October 10, 2008 forced entry inspection when a "decisionmaker possessing final authority," City of Reading Codes Administrator, Bradley Reinhart, directs Code Inspector James Orrs to swing the sledgehammer and break down Plaintiffs front doors to conduct a planned routine inspection.

[continued to next page]

WHEREFORE, Plaintiffs, Mary Ann Ciarlone, Irene Lora, Orazio Gerbino, and Anne Baez, request that judgment be entered in his or her favor and against the City of Reading, Thomas McMahon, Bradley Reinhart and James Orrs, jointly and severally, in an amount to be determined at trial by the evidence, including their attorney fees and reasonable costs of this lawsuit pursuant to 42 U.S.C. §§ 1983 and 1988.

Respectfully submitted,

**Law Offices of Vincent B. Mancini & Associates**

BY:_____PJT7466_____
          PAUL J. TONER, ESQUIRE


BY:_____BCL7855_____
          BRIAN C. LeGROW, ESQUIRE

Attorneys for Plaintiffs