IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY ANN CIARLONE : | |
| IRENE LORA : | No. 09-CV-00310 |
| ORAZIO GERBINO : | |
| ANNE BAEZ : | |
|     Plaintiffs, : | |
| v. : | |
| : | |
| CITY OF READING : | |
| BRAD REINHART : | |
| JAMES ORRS : | |
|     Defendants. : | |

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' SECOND SET OF PROPOSED JURY INSTRUCTIONS BASED ON THE COURT'S RULING ON MOTION FOR SUMMARY JUDGMENT**

Plaintiffs submit these objections to Defendants Second Set of Proposed Jury Instructions (Doc. No. 150, filed Feb. 1, 2011). While Defendants assert that it's Second Set of Proposed Instructions are based on the Court's ruling on the parties cross-motions for Summary Judgment, there is a conspicuous lack of citation(s) to the Court's Memorandum Opinion (Doc. No. 134, filed Jan. 21, 2011). It is noted that Plaintiffs, unlike Defendants, 'included detailed citations to the Court's Memorandum Opinion in their revised Jury Instructions. It is respectfully submitted that the Defendants fail to include specific citations to the Court's Memorandum Opinion because the Defendants seek through their Second Set of Jury Instructions to reassert legal positions already denied by the Court.

Plaintiffs submit the following specific objections to misleading or legally erroneous proposed instructions, while continuing to rely on their Proposed Jury Instruction (Doc. 140, filed Jan. 24, 2011) and the Proposed Joint Jury Instructions (Doc 120, filed Jan. 18, 20110 previously filed in this case.

**Plaintiffs'' Objection to Defendants' Proposed Instruction No. 7 on the Fourth Amendment—Administrative Search Warrant**

On page 8 of their Second Set of Proposed Jury Instructions, Defendants present the misleading instruction that: "A search of private property without proper consent is unreasonable unless it has been authorized by a search warrant."  (Defs SSPJI at 8) (citing Camara v. Municipal Court of the City and Count of San Francisco, 387 U.S. 523, 528 (1967).

As expressly recognized by the Supreme Court in Camara, the refusal of consent by an tenant-occupant is a precondition to seeking an administrative search warrant to conduct a planned routine inspection—unless there is either: **(1)** a citizen complaint or **(2)** "other satisfactory reason for securing immediate entry."  Camara at 539-540.  The tenant-appellant in Camara was "charged with a crime for his refusal to permit housing inspectors to enter his leasehold without a warrant."  Camara at 540.  The tenant's refusal in Camara, moreover, came after the landlord granted the municipality access to the renal unit's common areas.  Id.  In reaching its decision, the Supreme Court reasoned that the tenant had a constitutional right to refuse the municipality entry into his leasehold unit.  Id. (acknowledging that "[n]o doubt, the inspectors entered the public portion of the building with the consent of the landlord…but [the municipality] does not contend that such consent was sufficient to authorize the inspection of [the tenant's] premises."  Underlying the Court's holding in Camara was its reasoning that a tenant's right to refuse entry and a demand a warrant is necessary under the Fourth Amendment because "when the inspector demands entry, the occupant has no way of knowing whether enforcement of the municipal code involved requires inspection of his premises, no way of knowing the lawful limits of the inspector's power to search, and no way of knowing whether the inspector himself is acting under proper authorization."  Id. At 534 (holding that "administrative searches…are significant intrusions upon the interests protected by the Fourth Amendment [and]

2

that such searches when authorized without a warrant procedure lack the traditional safeguards which the Fourth Amendment guarantees to the individual.").

The instruction proffered by the Defendants would sanction the finding of probable cause in the context of a non-complaint, non-emergency planned routine inspection without a tenant ever being afforded his or her Fourth Amendment right to refuse entry and demand a warrant. As provided in Plaintiffs' Proposed Jury Instruction, an application to secure a warrant can only be granted by a judge in a non-complaint, non-emergency situation after a tenant's has been afforded the opportunity to refuse entry.

**<u>Plaintiffs'' Objection to Defendants' Proposed Instruction No. 8 on the Alleged False Statement or Omissions in Affidavit of Probable Cause</u>**

On page 10 of their Second Set of Proposed Jury Instructions, Defendants present the misleading instruction that: "Plaintiffs assert that Defendants Orrs and Reinhart obtained the warrant by making *false statements* in the Affidavit of Probable Cause" (Defs SSPJI at 10 (emphasis added).) Contrary to Defendants' assertion, Plaintiff have consistently maintained that the warrant obtained was invalid because the Defendants *omitted* the fact that the Tenant Plaintiffs had never been provided with notice of the inspection or any information concerning the City of Reading's intention to enter their rental homes.

The instruction proffered by the Defendants mischaracterizes the Plaintiffs argument and will be misleading to the Jury.

**Plaintiffs'' Objection to Defendants' Proposed Instruction No. 9:  "Search Warrant to be Paid Deference**

On page 11 of their Second Set of Proposed Jury Instructions, Defendants proffer the misleading instruction that "[t]he conclusions of a neutral district justice regarding probable cause are entitled to great deference, and the temptation to second-guess those conclusions should be avoided."   (Defs SSPJI at 11) (citing Illinois v. Gates, 462 U.S. 213, 236 (1986).)

As previously set forth, Plaintiffs are not alleging that the Magisterial District Judge abused his discretion is weighing the facts set forth in the Affidavit of Probable cause; rather, Plaintiffs have consistently asserted that the warrant is invalid because of the omission of the operative fact that the tenants had not been provided with notice of the inspection and an opportunity to either grant or refuse entry.  Contrary to the instruction proffered by the Defendants, a search warrant is not entitled to deference when the claimed invalidity derives from the omission of fact—rather than an improper finding of facts.

The instruction proffered by the Defendants constitutes an error of law and will be misleading to the Jury.

**Plaintiffs' Objection to Defendants' Proposed Instruction Nos. 11, 12, 13, 14, 15 on the City of Reading's Property Maintenance Code**

On page 13-18 of their Second Set of Proposed Jury Instructions, Defendants present a misleading instruction concerning the language of the City of Reading Property Maintenance Code. (Defs. SSPJI at 13-18)

As previously ruled on by the Court, the Tenant Plaintiffs in this case had a constitutional right to privacy in their rental homes regardless of whether the City of Reading Property Maintenance Code or the City of Reading Housing Rental Ordinance required notice to tenants.[1] Furthermore, the citations proffered by the City of Reading to the Property Maintenance Code entirely omit provisions of the Housing Rental Ordinance requiring that official notices be posted at a rental unit. (see HRO § 119) Both the Property Maintenance Code and the Housing Rental Ordinance have been admitted into evidence in this case and will be available in their entirety for the jury to review during their deliberations.

The proposed, selective instructions on the Property Maintenance Code by the City of Reading will be misleading to the jury as to whether the search was reasonable despite the lack of notice to the tenants.

---

[1] Court Op. at 13.

**Plaintiffs'' Objection to Defendants' Proposed Instruction No. 16; Fourth Amendment-Denial of Consent**

On page 19 of their Second Set of Proposed Jury Instructions, Defendants proffer the misleading instruction that the "Supreme Court has drawn a bright-line rule that a physically present inhabitant's express refusal of consent to search must be respected by government officials regardless of the consent of any fellow occupants." (Defs SSPJI at 19) (citing Georgia v. Randolph, 547 U.S. 103, 122-23).  Implicit in this proposed instruction is that a landlord's refusal of consent is binding on the landlord's tenant, which is a clear error of law.  See Camara v. Municipal Court of the City and Count of San Francisco, 387 U.S. 523, 528 (1967)

As accurately reasoned in this case, a landlord cannot consent to a search of a rental apartment without the prior approval of the tenant who leases that apartment. (See also Memorandum Opinion on Defs. MSJ at 9.)  The Defendants make the misleading use of the word "occupant" rather than "co-tenant" in describing the decision in Georgia v. Randolph.  The 'occupant' in Georgia was not a third-party landlord, but a "tenant-in-common" with an equal property interest as the other tenant-in-common in the home sought to be searched.  Here, it is undisputed that May Ann Ciarlone lacked the consent of her tenants to grant the City of Reading access to their rental apartments.  The housing rental forms provided to the City clearly indicated that Mary Ann Ciarlone was not a co-tenant with any of the Tenant Plaintiffs.

The proposed instruction by the City of Reading constitutes an error of law and will be misleading to the jury as to whether refusal of entry by Mary Ann Ciarlone constituted a refusal of entry by the Tenant Plaintiffs.

7

**Plaintiffs'' Objection to Defendants' Proposed Instruction No. 20; Substantive Due Process**

On page 23 of their Second Set of Proposed Jury Instructions, Defendants selectively present "examples" of cases where other courts had denied a substantive due process claim, through the selective use of parenthetical citations to cases in no way analogous to the use of destructive force during the execution of administrative arrant to conduct a planned routine inspection without notice to the tenant-occupants. (Defs SSPJI at 23-24) Moreover, these were the very same cases that Defendants relied upon in seeking summary judgment, which was property denied to them.

The proposed instruction by the City of Reading would not be instructive to the Jury; rather, those examples would be misleading to the jury as to whether conduct of the City of Reading officials in this case "shocks the conscience."

**Plaintiffs' Objection to Defendants' Proposed Instruction No. 21; Fourth Amendment Expectation of Privacy**

On page 25-26 of their Second Set of Proposed Jury Instructions, Defendants propose the misleading instruction that the issuance of a search warrant is a *per se* safeguard of an individual's privacy interest in their home and possessions. (Defs SSPJI at 25)(citing Camara v. Municipal Court of the City and Count of San Francisco, 387 U.S. 523, 528-29 (1967).

Defendants' instruction is misleading because it fails to advise the jury that a search warrant improperly secured is not valid and does not protect a citizen's fundamental Fourth Amendment privacy interests in his or her home. As previously discussed, the United States Supreme Court in Camara reasoned that the refusal of consent is a precondition to seeking an administrative search warrant to conduct a planned routine inspection—unless there is either **(1)** a citizen complaint or **(2)** "other satisfactory reason for securing immediate entry." Camara at 539-540. Underlying the Court's holding in Camara was its reasoning that a tenant's right to refuse entry and a demand a warrant is necessary under the Fourth Amendment because "when the inspector demands entry, the occupant has no way of knowing whether enforcement of the municipal code involved requires inspection of his premises, no way of knowing the lawful limits of the inspector's power to search, and no way of knowing whether the inspector himself is acting under proper authorization." Id. At 534 (holding that "administrative searches…are significant intrusions upon the interests protected by the Fourth Amendment [and] that such searches when authorized without a warrant procedure lack the traditional safeguards which the Fourth Amendment guarantees to the individual.").

The instruction proffered by the Defendants would sanction the violation of a citizen's constitutional right to privacy in the context of a non-complaint, non-emergency planned routine inspection without a tenant ever being afforded his or her Fourth Amendment right to refuse

9

entry and demand a warrant.  As provided in Plaintiffs' Proposed Jury Instruction, an application to secure a warrant can only be granted, and a citizens Fourth Amendment privacy interests are protected are only protected, through the issuance of a search warrant in a non-complaint, non-emergency situation after a tenant's has been provided notice and afforded the opportunity to refuse entry.

                              **LAW OFFICES OF VINCENT B. MANCINI & ASSOCIATES**

                              BY:   /s/ Paul J. Toner          PJT7466
                                        PAUL J. TONER, ESQUIRE

                              BY:   /s/ Brian C. LeGrow         BCL7855
                                        BRIAN C. LeGROW, ESQUIRE