**LAW OFCS. OF VINCENT B. MANCINI & ASSOC.**
    By:    Paul Toner, Esquire (Atty. I.D. # 94185)
            Brian C. LeGrow, Esquire (Atty. I.D. # 93977)
414 E. Baltimore Pike
Media, PA 19063
T. (610) 566-8064 / F. (610) 566-8265
E. ptoner@vmancinilaw.com                                       Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARY ANN CIARLONE** : | |
| **IRENE LORA** : | No. 09-CV-00310 |
| **ORAZIO GERBINO** : | |
| **ANNE BAEZ** : | |
|        Plaintiffs, : | |
| v. : | |
| **CITY OF READING**, *et al* : | |
|        Defendants : | |

### PLAINTIFFS' PROPOSED SPECIAL INTERROGATORIES ON QUALIFIED IMMUNITY

1. Who was the attorney responsible for advising Brad Reinhart and James Orrs on the application for and execution of the warrant to search 511 Oley Street:

    a) The City of Reading Assistant City Solicitor, Michelle Mayfield, Esquire; or,

    b) The Unidentified Assistant District Attorney for the County of Berks?

2. Was the attorney responsible for advising Brad Reinhart and James Orrs aware that the Orazio Gerbino, Anne Baez and Irene Lora were not notified of the inspection nor provided with an opportunity to open their doors to the inspection?[1]

3. Did the attorney responsible for advising Brad Reinhart or James Orrs give them the specific advice that it was legal to execute the warrant and conduct a planned routine inspection at 511 Oley Street through the use of destructive force?

4. Did the attorney responsible for advising Brad Reinhart or James Orrs give them the specific advice that it was legal to execute a warrant and conduct a planned routine inspection at 511 Oley Street through the use of a sledge hammer?

---

[1] Judge Stengel's Memorandum Opinion on Motion for Summary Judgment at 24 (filed Jan. 20. 2011, Doc. # 133) (providing that "it is unclear…whether the assistant city solicitor was aware the tenants were not notified of the inspection or provided an opportunity to open their doors for the inspector")

5. Did the attorney responsible for advising Brad Reinhart or James Orrs give them the specific advice that it was legal to execute the warrant to search 511 Oley Street without providing notice to Orazio Gerbino, Anne Baez or Irene Lora?

6. Would a reasonably well-trained code enforcement administrator in Brad Reinhart's position have known that the affidavit failed to establish probable cause because of its omission of the fact that Orazio Gerbino, Irene Lora and Anne Baez had not been provide with notice of the planned routine inspection and afforded the opportunity to refuse entry to the Code Enforcement Officers?[2]

7. Would a reasonably well-trained code enforcement officer in James Orrs' position have known that his affidavit failed to establish probable cause because of its omission of the fact that Orazio Gerbino, Irene Lora and Anne Baez had not been provide with notice of the planned routine inspection and afforded the opportunity to refuse entry to the Code Enforcement Officers?[3]

                                                  **LAW OFFICES OF VINCENT B. MANCINI & ASSOCIATES**

                                                  BY:   /s/ Paul J. Toner          PJT7466
                                                           PAUL J. TONER, ESQUIRE

                                                  BY:   /s/ Brian C. LeGrow         BCL7855
                                                           BRIAN C. LeGROW, ESQUIRE

---

[2] Kelly v. Borough of Carlisle, 622 F.3d 248, 255 (C.A.3 (Pa.),2010) (reasoning that it is "reasonable to require the officer applying for the warrant to minimize this danger by exercising reasonable professional judgment.")  The Court also "reject[ed] the notion that a police officer's decision to contact a prosecutor for legal advice is *per se* objectively reasonable."  Id. At 255.

[3] Kelly v. Borough of Carlisle, 622 F.3d 248, 255 (C.A.3 (Pa.),2010) (reasoning that it is "reasonable to require the officer applying for the warrant to minimize this danger by exercising reasonable professional judgment."